UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-130 (MJD/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Thomas Watson IV, | |
| Defendant. | |

This case is before the Court on the Government's Motion for Discovery (Dkt. 9); Defendant Thomas Watson IV's Motion for Pretrial Discovery (Dkt. 22); Defendant Thomas Watson IV's Motion for Disclosure of 404 Evidence (Dkt. 23); Defendant Thomas Watson IV's Motion to Compel Attorney Production of *Brady* and *Giglio* Evidence (Dkt. 24); Defendant Thomas Watson IV's Pretrial Motion for Early Disclosure of Jencks Act Material (Dkt. 25); Defendant Thomas Watson IV's Motion to Compel Production of Guideline Sentencing Information (Dkt. 26); Defendant Thomas Watson IV's Pretrial Motion for Participation by Counsel In Voir Dire (Dkt. 27); Defendant Thomas Watson IV's Pretrial Motion for Production of Grand Jury Transcripts (Dkt. 28); Defendant Thomas Watson IV's Pretrial Motion for Retention of Agent's Notes (Dkt. 29); and Defendant Thomas Watson IV's Motion to File Later Motions for Good Cause (Dkt. 30).

Counsel for Defendant Thomas Watson IV and the United States of America ("the Government") agreed that the Court may rule on motions without the need for a hearing,

and the motions were taken under advisement after the Government's response.  (Dkt. 32.)

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Government's Motion for Discovery (Dkt. 9) is **GRANTED** as unopposed.

2. Defendant Thomas Watson IV's Motion for Pretrial Discovery (Dkt. 22) is **GRANTED IN PART** and **DENIED IN PART**.  The Government represents that it will comply with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law.  (Dkt. 35 at 2.)  The Government shall comply with its discovery obligations under Rule 16.  To the extent the Motion seeks material outside of the scope of Rule 16, the Motion is denied.  Further, insofar as the Motion is directed at expert disclosures under Rule 16(a)(1)(G), the parties shall disclose initial Rule 16(a)(1)(G) evidence no less than 30 days before trial, and rebuttal evidence shall be disclosed no less than 10 days before trial.

3. Defendant Thomas Watson IV's Motion for Disclosure of 404 Evidence (Dkt. 23) is **GRANTED IN PART**.  No later than 21 days before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime.  *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013).  To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence.  Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense.

4.      Defendant Thomas Watson IV's Motion to Compel Attorney Production of *Brady* and *Giglio* Evidence (Dkt. 24) is **GRANTED** insofar as the Government shall comply with its requirement to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and further insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order, if not previously disclosed, and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

5.      Defendant Thomas Watson IV's Pretrial Motion for Early Disclosure of Jencks Act Material (Dkt. 25) is **DENIED** insofar as it seeks an order for the production of Jencks Act material "prior to trial."  The Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."  18 U.S.C. § 3500.  The Eighth Circuit has repeatedly held that the Government cannot not be required to make pretrial disclosure of Jencks Act material.  *See, e.g.*, *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984).  Nothing in this Order, however, precludes the Government from voluntarily disclosing any Jencks Act material early, and the Government has represented that it "will provide

the defense with all Jencks Act materials no later than three business days prior to trial[.]" (Dkt. 35 at 2.) [1]

6. Defendant Thomas Watson IV's Motion to Compel Production of Guideline Sentencing Information (Dkt. 26) is **DENIED**. Defendant moves for such relief pursuant to Rule(s) 8, 11, 14 and 16 of the Federal Rules of Criminal Procedure and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The Government represents that Defendant will able to make his own guideline calculations based on discovery provided and that the Government will work with the defense to attempt to resolve all guideline issues. (Dkt. 35 at 3.) The Court denies the requested information, as courts have "rejected the discovery of such information as neither required by the Constitution, any Federal Statute, nor the Sentencing Guidelines themselves." *United States v. Hernandez*, No. RIM06379020810MJDRLE, 2007 WL 9706859, at *6 (D. Minn. July 16, 2007) (string citation omitted).

7. Defendant Thomas Watson IV's Pretrial Motion for Participation by Counsel in Voir Dire (Dkt. 27) is denied without prejudice. *See United States v. Jaunich*, No. 07-cr-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan. 10, 2008) (finding that a motion for counsel to participate in voir dire should have been denied without prejudice "leaving the final decision on the participation of counsel in voir dire" to the district court).

---

[1] This representation does not alter the Government's obligations with respect to impeaching material required to be disclosed by *United States v. Giglio*, 405 U.S. 150 (1972), as set forth in paragraph 4.

8. Defendant Thomas Watson IV's Pretrial Motion for Production of Grand Jury Transcripts (Dkt. 28) is **GRANTED IN PART AND DENIED IN PART**. According to the United States Supreme Court, there is a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (citations omitted). A defendant must allege a "particularized need" with support for the records. *See United States v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994) (citing Fed. R. Crim. P. 6(e)(3)(C)(ii)). For example, a court may authorize disclosure of grand jury transcripts where a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. . . ." Fed. R. Crim. P. 6(e)(3)(E)(ii). A bare allegation that grand jury records are necessary does not satisfy "particularized need" requirement. *See Warren*, 16 F.3d at 253. Defendant has made no showing of a particularized need for the grand jury transcripts. However, the Government will produce any grand jury transcripts for any witness it intends to call at trial. The Government has represented that it will voluntarily produce any such transcripts within three (3) business days before commencement of trial with its voluntary production of Jencks Act material. (Dkt. 35 at 3.)

9. Defendant Thomas Watson IV's Pretrial Motion for Retention of Agent's Notes (Dkt. 29) is **DENIED IN PART AS MOOT**. The Government represented that it has instructed its officers and agents to retain their rough notes and evidence. (Dkt. 35 at 3.) The Motion is **GRANTED IN PART** insofar as if the Government has not already

done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

10. Defendant Thomas Watson IV's Motion to File Later Motions for Good Cause (Dkt. 30) is **DENIED** without prejudice. Defendant may renew this motion as appropriate.

DATED: September 3, 2021                          *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge